UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

BRENDA JUSTICE,

                                    Plaintiff,

                    v.

RICHARD KUHNAPFEL, OFFICER HARO,
OFFICER BLOOM, LIL BEAL, JUDGE
BOYARE and JUDGE M ARMSTRONG,

                                    Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-3696 (MKB)

MARGO K. BRODIE, United States District Judge:

On November 27, 2012, Plaintiff Brenda Justice commenced the above-captioned action

against the City of New York in the Southern District of New York.  On January 2, 2013,

Plaintiff filed a Second Amended Complaint alleging false arrest against the City of New York,

Richard Kuhnapfel, Officer Haro, Officer Bloom, Lil Beal, Judge Boyare and Judge Armstrong.

On June 27, 2013, Judge J. Paul Oetken dismissed all claims against Beal, Judge Boyare and

Judge Armstrong and transferred the action to this Court because it was duplicative of an action,

*Justice v. Kuhnapfel*, No. 13-CV-659, 2014 WL 2434139 (E.D.N.Y. May 29, 2014), already

pending before this Court.  (Docket Entry No. 15.)  On August 26, 2013, this action was stayed,

pending resolution of an anticipated motion to dismiss in *Kuhnapfel*, No. 13-CV-659.[1]  On May

29, 2014, the Court dismissed *Kuhnapfel*, No. 13-CV-659, for failure to state a claim.

*Kuhnapfel*, 2014 WL 2434139, at *6. Defendants now move the Court to dismiss this action as

---

[1]  On August 27, 2013, the Court dismissed a third action filed before the Court as
duplicative of *Kuhnapfel*, No. 13-CV-659. *Justice v. City, State of New York*, No. 13-CV-4016,
2013 WL 4525699, at *3 (E.D.N.Y. Aug. 27, 2013).

duplicative. For the reasons set forth below, the Court dismisses this action as barred by *res judicata*.

### I. Background

#### a. Plaintiff's allegations in the Complaint at issue

Plaintiff alleges that she and her son, H.J., were "taken" without a valid warrant on October 15, 2012, by a "tall man" who refused to show any documentation or identification in violation of her Fourth Amendment rights. (Second Am. Compl. at ECF 3–4.) As a result, Plaintiff seeks compensatory damages for the "nightmare" that she and her son endured. (*Id.* at 4–5.)

#### b. Plaintiff's previously decided action

In *Kuhnapfel*, No. 13-CV-659, as a result of Plaintiff's arrest on October 15, 2012, Plaintiff brought claims of "malicious prosecution, false arrest, wrongful imprisonment, kidnapping, attempted murder, conspiracy to kidnap, endangering the life of a child, intentional infliction of emotional distress to H.J., and violation of H.J.'s Fourth, Fourteenth and Thirteenth Amendment rights" against Kuhnapfel, Officer Holme, Judge Armstrong and Beal. *Kuhnapfel*, 2014 WL 2434139, at *1. On April 22, 2013, the Court dismissed Plaintiff's claims against Judge Armstrong and Beal and granted Plaintiff leave to proceed solely as to her false arrest claim against Kuhnapfel and Officer Holme. *Id.* On May 29, 2014, the Court dismissed Plaintiff's action, with prejudice, because her arrest was executed pursuant to a valid arrest warrant. *Id.* at *4.

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### b. Plaintiff's action is barred by *res judicata*

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *TechnoMarine SA v. Giftports, Inc.*, --- F.3d ---, ---, 2014 WL 3408570, at *3 (2d Cir. July 15, 2014) (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)). Claim preclusion, or *res judicata*, applies if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine*, --- F.3d ---, 2014 WL 3408570, at *3 (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). The Second Circuit has held that "res judicata applies to pro se plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action." *Bey v. City of New York*, 454 F. App'x 1, 6 (2d Cir. 2011).

Here, Plaintiff's allegations are duplicative of those raised and dismissed by the Court in *Kuhnapfel*, No. 13-CV-659. Plaintiff's false arrest claim was decided and dismissed on the merits. *Kuhnapfel*, 2014 WL 2434139, at *4; *see also Dove v. Pesce*, No. 13-CV-1417, 2014 WL 1340021, at *5 (N.D.N.Y. Apr. 3, 2014) (dismissing a *pro se* plaintiff's complaint as barred

by *res judicata* as a result of a prior § 1915(e) dismissal); *Phillips v. New York*, No. 14-CV-35, 2014 WL 185041, at *3 (N.D.N.Y. Jan. 14, 2014) (same), *report and recommendation adopted*, No. 14-CV-35, 2014 WL 1340052 (N.D.N.Y. Apr. 3, 2014).  Therefore, any further proceedings related to this action are barred by the doctrine of *res judicata*.

### III.  Conclusion

Plaintiff's Complaint is dismissed as barred by the doctrine of *res judicata* and therefore fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).  The Clerk of the Court is directed to close this case.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  July 25, 2014
          Brooklyn, New York